MURDOCK, Justice
(dissenting).
I am inclined to the view that the active, purposeful, and successful concealment by an attorney of his failure to have timely filed a lawsuit on behalf of a client is properly understood not as a separate tort, but rather as an act that prevents the running of the rule of repose as to the *339 underlying failure by that attorney. Among other things, to understand the client’s remedy against her attorney as limited to a claim that, had the attorney not actively and fraudulently concealed from her the attorney’s underlying failure, she would have sued the attorney on a timely basis to seek redress for that failure and that she would have been successful in that suit is to require of the client an entire additional layer of proof addressed to potentially a multitude of variables.
The question of the extension of the rule of repose is not before us in this permissive appeal. Because I am not persuaded that an affirmative answer is appropriate to the separate-cause-of-action question that is before us, I am compelled to dissent.